UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD RICHARD JOHNSON,

                    Plaintiff,

v.                                                Case No. 22-cv-1055-pp

GARY J. SCHMIDT,

                    Defendant.

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

Ronald Richard Johnson, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant provided ineffective assistance of counsel.[1] On September 23, 2022, the court received from the plaintiff the full $402 civil filing fee. This decision screens his complaint. Dkt. No. 1.

---

[1] It appears that the plaintiff may have mailed the complaint to the Clerk of the Oconto County Circuit Court. The envelope filed with the complaint is addressed to "Clerk of Circuit Court, Trisha L. Lefebre, 301 Washington Str[,] Octonto, WI 54153." Dkt. No. 1-1. Ms. LeFebre is the Clerk of Circuit Court for Octonto County. See https://www.co.oconto.wi.us/contact_us/?department=c629179ae3eb. The envelope is postmarked September 6, 2022 and appears to have been received by Clerk LeFebre's office on September 8, 2022. The plaintiff says that the events he described in his complaint occurred in Brown County. Dkt. No. 1 at 3. The complaint is written on this court's standard form for civil rights complaints "for filers who are prisoners without lawyers." Dkt. No. 1 at 1. It is not clear why the plaintiff addressed his envelope to Ms. LeFebre or how the complaint ended up in this court.

## I. Screening the Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether a complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint alleges that in August 2017, defendant Gary J. Schmidt was appointed to represent the plaintiff in his "case;" he does not describe the kind of case. Dkt. No. 1 at 2. From August 2017 through February 2018, Schmidt allegedly failed to respond to the plaintiff's attempts to communicate with him. Id. The plaintiff says Schmidt never showed him any discovery, failed to contact the plaintiff's witnesses, failed to obtain "recovery of phone conversation from Brown County Detective's Office" and created "no defensive plan of attack." Id. The complaint alleges that Schmidt filed no motions, refused to make objections at trial, refused to subpoena witnesses, allowed the prosecuting attorney to "manipulate the jury," made an irrelevant opening statement and gave a closing statement that "had nothing to do with" the plaintiff. Id. at 2–3. The plaintiff accuses Schmidt of harboring "bias – prejudice" and providing "ineffective counseling with total negligence." Id. at 3.

The plaintiff asserts that all of the alleged "neglecting acks" occurred in Brown County. Id. at 3.

The plaintiff marked the box on the complaint indicating that he was suing under state law. Id. at 4. He asks the court "to have the Defendant to be charged with ineffective counseling," to be punished and to lose his law license. Id. at 4. He also asks the court to hold Schmidt "accountable with money/payment that [the plaintiff] lost due to his ineffective counseling." Id.

C. Analysis

The complaint alleges that Schmidt was appointed to the plaintiff's state court case. Although he does not say who appointed Schmidt or what kind of case it was, the publicly available docket from the Wisconsin Circuit Court shows that Schmidt appeared as the plaintiff's counsel of record on October 11, 2016, and withdrew from the representation on June 13, 2018. See State of Wisconsin vs. Ronald Richard Johnson, Case Number 2015CF001793 (Brown County Circuit Court), available at https://wcca.wicourts.gov/case.html. A jury found the plaintiff guilty of all charges on February 1, 2018 and the court sentenced him on April 4, 2018. Id.

The complaint does not state a cognizable claim against Schmidt. Section 1983 allows a citizen to sue a person who violated his constitutional rights "under color of state law"—that is, a state actor or official. The complaint does not say whether Schmidt is a private attorney or a public defender. But defense attorneys, whether they are state public defenders or privately retained counsel, are not "state actors" and cannot be sued under §1983 for their

4
Case 2:22-cv-01055-PP   Filed 10/17/22   Page 4 of 7   Document 5

The plaintiff asserts that all of the alleged "neglecting acks" occurred in Brown County. Id. at 3.

The plaintiff marked the box on the complaint indicating that he was suing under state law. Id. at 4. He asks the court "to have the Defendant to be charged with ineffective counseling," to be punished and to lose his law license. Id. at 4. He also asks the court to hold Schmidt "accountable with money/payment that [the plaintiff] lost due to his ineffective counseling." Id.

C. Analysis

The complaint alleges that Schmidt was appointed to the plaintiff's state court case. Although he does not say who appointed Schmidt or what kind of case it was, the publicly available docket from the Wisconsin Circuit Court shows that Schmidt appeared as the plaintiff's counsel of record on October 11, 2016, and withdrew from the representation on June 13, 2018. See State of Wisconsin vs. Ronald Richard Johnson, Case Number 2015CF001793 (Brown County Circuit Court), available at https://wcca.wicourts.gov/case.html. A jury found the plaintiff guilty of all charges on February 1, 2018 and the court sentenced him on April 4, 2018. Id.

The complaint does not state a cognizable claim against Schmidt. Section 1983 allows a citizen to sue a person who violated his constitutional rights "under color of state law"—that is, a state actor or official. The complaint does not say whether Schmidt is a private attorney or a public defender. But defense attorneys, whether they are state public defenders or privately retained counsel, are not "state actors" and cannot be sued under §1983 for their

4

Case 2:22-cv-01055-PP   Filed 10/17/22   Page 4 of 7   Document 5

actions as defense counsel. Walton v. Neslund, 248 F. App'x 733, 733 (7th Cir. 2007) (citing Polk County v. Dodson, 454 U.S. 312, 318 (1981); and Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998)); see also Polk County, 454 U.S. at 325 ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.")).

The plaintiff could have appealed his conviction and argued that Schmidt provided him with ineffective assistance of counsel. Criminal defendants who are not successful in directly appealing their sentences may file a writ of *habeas corpus* under 28 U.S.C. §2254 to collaterally attack their convictions or sentences and may raise claims of ineffective assistance of counsel. See Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973); Moran v. Sondalle, 218 F.3d 647, 650–51 (7th Cir. 2000). But a petition for *habeas corpus* asks a court to release the petitioner; a petitioner cannot use a *habeas corpus* petition to obtain money damages. And this court does not have the authority to revoke an attorney's law license; only the Wisconsin Supreme Court has that authority. If the plaintiff wants to file a grievance against Schmidt, he may do so through the Wisconsin Office of Lawyer Regulation. See https://www.wicourts.gov/services/public/lawyerreg/file.htm.

Because the plaintiff cannot bring a federal claim under §1983 against a person who is not a state actor, his complaint fails to state a claim for relief. District courts generally permit civil plaintiffs at least one opportunity to amend their pleadings but need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3

5
Case 2:22-cv-01055-PP   Filed 10/17/22   Page 5 of 7   Document 5

(7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Amendment would be futile in this case; the plaintiff cannot obtain relief against a non-state actor in a §1983 case regardless of any additional facts he might alleged.

Because the complaint does not state a federal claim, the court will not exercise supplemental jurisdiction over any putative claims arising under state law. The court will dismiss any state law claims without prejudice under 28 U.S.C. §1367(c)(3).

**II. Conclusion**

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court will send a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

7
Case 2:22-cv-01055-PP   Filed 10/17/22   Page 7 of 7   Document 5